OWEN, Chief Judge.
Appellant, charged with a traffic violation in the County Court, petitioned the Circuit Court for a writ of prohibition to prohibit appellee, as judge of the County Court, from proceeding with the trial of the cause. This appeal is from the denial of that petition.
On January 14, 1973, appellant was arrested by the Orlando Police and charged with the violation of F.S. Section 316.028, F.S.A. Two days later he appeared in the Orlando Municipal Court where he requested and was assigned court appointed counsel. His trial was set for March 13th. On that date he appeared and (pursuant to the provisions of F.S. Section 932.61, F.S.A.) demanded jury trial, petitioning for transfer to the Orange County Court since jury trials were not available in the Orlando Municipal Court. The case was transferred and on March 28, 1973, appellant was arraigned before the appellee, The Honorable Lee C. Conser, at which time the case was set for jury trial on May 23, 1973. On May 16th, appellant filed a motion for discharge under Rule 3.191, RCrP, 33 F.S.A., on the grounds that more than ninety (90) days had elapsed since his arrest. Appellant had been continously available for trial since being taken into custody on January 14th, and had not sought any continuances. Upon the motion for discharge being denied, appellant promptly sought relief in the Circuit Court by the petition for writ of prohibition.
The practice and procedure in traffic cases, whether tried in the Municipal courts or the County courts, are governed by the Florida Traffic Court Rules. See Rule 6.01, TrCR. These rules were adopted by the Supreme Court in an opinion filed March 10, 1971 and a supplemental opinion filed April 27, 1971, In re: Florida Traffic Court Rules, Fla. 1971, 247 So.2d 281, to become effective July 1, 1971. At that time, Rule 6.13, TrCR provided in substance that when trial by jury was requested and authorized the proceedings would be governed by the Rules of Criminal Procedure, so far as the same might be applicable and the traffic court rules did not provide for a different procedure.
By an order entered December 20, 1972, (to become effective February 1, 1973), Rule 6.13 was amended so as to provide that only certain specified rules of criminal procedure would be applicable to the trial of traffic cases when trial by jury was requested and authorized. This version of Rule 6.13, TrCR was in effect and applicable at the time that appellant’s case was transferred to the County Court for the purpose of affording him a jury trial. Rule 3.191, RCrP (the speedy trial rule), upon which appellant relied as the basis for his motion for discharge in the County Court and as the basis for the petition for writ of prohibition filed in the Circuit Court, was not included among the rules of criminal procedure which had been specifically designated by Rule 6.13, TrCR.[1] *39 Thus, Rule 3.191, RCrP was not applicable, and it is clear that the Circuit Court properly denied the petition for writ of prohibition.
Although not raised by the parties, we add gratuitiously the observation that under the facts of this case, appellant was granted a speedy trial in the County Court within the requirements of Section 16, Article I, Constitution of Florida, F.S.A. (1968).
Affirmed.
MAGER and DOWNEY, JJ., concur.

. By opinion filed January 16, 1974, 287 So.2d 677, the Supreme Court of Florida has further amended Rule 6.13, TrCR to provide in substance that as to all persons taken into custody after 12:01 A.M. daylight savings time, February 15, 1974 (the effective date of the amendment), Rules of Criminal Procedure shall be applicable. Such amendment would not apply to Castaneda’s ease.